CITY OF PHILADELPHIA; William J. Green, Individually and as Mayor of the City of Philadelphia; Marilyn McGinty; Curtis Owens; Rudy J. Arzon; Cecilia M. Yep; and John and Mary Doe, Individually and as class representatives; William H. Gray, III, Individually and as a member of the United States House of Representatives; Max Pievsky, Individually and as a member of the House of Representatives of the Commonwealth of Pennsylvania; Joseph F. Smith, Individually and as a member of the Senate of the Commonwealth of Pennsylvania

v.

Philip M. KLUTZNICK, Secretary of the United States Department of Commerce; Vincent P. Barabba, Director of the United States Bureau of the Census; United States Department of Commerce; Bureau of the Census, an agency within the United States Department of Commerce; Porter S. Rickley, Regional Director of the Philadelphia Region of the Bureau of the Census of the United States Department of Commerce; Thomas Heuring, District Manager for the 1980 Philadelphia Census.

Civ. A. No. 80–3172.

United States District Court,
E. D. Pennsylvania.

Sept. 9, 1980.

John E. Flaherty, Jr., Asst. City Sol., Philadelphia, Pa., for plaintiffs.

**658**

Alphonse M. Alfano, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is plaintiffs' request, raised in their complaint and reiterated by motion, that the Court convene a three–judge court, pursuant to 28 U.S.C. § 2284. For the reasons discussed below, the plaintiffs' request will be denied.

In the case at bar, the plaintiffs, the City of Philadelphia, its mayor and several elected representatives and individual resident citizens, seek a range of declaratory and injunctive relief from the defendants, all of whom are responsible, directly or indirectly, for the execution of the 1980 census in Philadelphia by the Bureau of the Census ("Census Bureau"). The complaint asserts that the Census Bureau has "grossly undercounted" Philadelphia's population and that, as a result, the citizens of the city will, *inter alia,* "be deprived of their constitutional rights to due process of law and equal legislative representation in both federal and state legislatures." Complaint, ¶ 37a at 14. *See* U.S.Const. art. I, § 2, cl. 3. Central to the request of the plaintiffs presently before the Court is their contention that "[s]ince the Complaint raises constitutional issues relating to apportionment of legislative districts, the [plaintiffs are] entitled under 28 U.S.C. § 2284 to have its constitutional claims heard by a three-judge court." Plaintiffs' Motion for Reconsideration of the Court's Denial of a Timely Preliminary Injunction Hearing and for Convening of a Three-Judge Court, ¶ 13 at 5.

■ The plaintiffs' interpretation of 28 U.S.C. § 2284 fails on a literal reading of the statute, as well as on a review of its legislative history.

■ First, the statute, by its terms, requires the convening of a three-judge court only "when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284 (1976). This plain language implies that, in order to necessitate the convening of a three-judge court, the challenge must be to an *existing* apportionment. No existing apportionment is challenged here. That the 1980 census will, in the future, be relied upon in the design of reapportionment legislation for Philadelphia and that there may result some reapportionment effect adverse to the city is not enough to trigger the requirement of § 2284. Figuratively speaking, under the statute, the legal challenge must be to the final product–the apportionment–and not merely to the composition of an ingredient– the census–used in the product's manufacture.

■ Second, even if the language of the statute is at all ambiguous, the legislative history is not. In enacting the current version of 28 U.S.C. § 2284, Congress intended to reduce sharply the class of cases requiring the convening of a three-judge court. *See generally* H.R.Rep. No. 1379, 94th Cong., 2d Sess. (1976); S.Rep. No. 204, 94th Cong., 1st Sess., *reprinted in* [1976] U.S. Code Cong. & Admin.News, p. 1988; 1A Moore's Federal Practice ¶ 0.205[1], [4] (2d ed. 1978). The purpose behind the provision requiring the convening of a three-judge court in cases challenging the constitutionality of an apportionment was explained as follows, in *both* the House and Senate reports: "Subsection (a) [28 U.S.C. § 2284(a)] would also continue the requirement for a three-judge court in cases challenging the constitutionality of any *statute* apportioning congressional districts or apportioning any statewide legislative body." H.R.Rep. No. 1379, 94th Cong., 2d Sess. 4 (1976) (emphasis added); S.Rep. No. 204, 94th Cong., 1st Sess. 12, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 1988, 2000 (emphasis added). No such statute is challenged in the case now before the Court.

Thus, it is clear from both the text and the legislative history of § 2284 that, in a case such as this, involving a challenge only to the constitutionality of the conduct of the census and involving no challenge to any existing apportionment statute, the convening of a three-judge court is not re-

quired. An appropriate Order will be entered.